IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIS DUANE EVANS, JR., | ) | |
| Petitioner, | ) | Civil Action No. 12-46 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DWAYNE J. GAVIN, et al., | ) | |
| Respondents. | ) | |

## OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Willis Duane Evans, Jr. [ECF Nos. 1 & 2]. He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on January 16, 2009.

For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

**I.**

**A.   Relevant Background**[2]

In December of 2007, Petitioner, who at the time was an inmate in the Erie County Prison, sent two letters to the Honorable John Bozza of the Court of Common Pleas of Erie County. One of the letters was smeared with Petitioner's blood, referred to Judge Bozza as the devil, and stated that God would shorten his days for sentencing Petitioner to jail in a prior criminal case. In the other letter, Petitioner threatened to kill Judge Bozza and everything he loved, blow up his car with a pipe bomb, and

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]   Respondents have submitted the Common Pleas Court's file, relevant transcripts, and relevant briefs filed to the state appellate courts. The documents in the Common Pleas Court's file are indexed and numbered 1 through 28. They shall be cited to as "CP Dkt. No. ___ ."

1

burn everything he owned.  (CP Dkt. No. 26, Commonwealth v. Evans, No. 790 WDA 2010, slip op. at 1 (Pa.Super. Mar. 8, 2011)).

For sending these letters, Petitioner was charged with two counts of Terroristic Threats (Counts 1 and 2), misdemeanors of the first degree; one count of Obstructing Administration of Law or Other Governmental Functions (Count 3), a misdemeanor of the second degree; and, one count of Aggravated Harassment by a Prisoner (Count 4), a felony of the third degree.  (CP Dkt. No. 9).  Because Judge Bozza was the victim, all of the judges on the Court of Common Pleas of Erie County recused themselves and Senior Judge William H. White presided over the case.

On November 25, 2008, Petitioner, who was represented by Assistant Public Defender David J. Ungerman, Esquire, entered a plea of guilty but mentally ill to Count 1 (Terroristic Threats) and Count 4 (Aggravated Harassment by a Prisoner).  The Commonwealth agreed to *nolle prosse* Counts 2 and 3.

On January 16, 2009, Judge White sentenced Petitioner to an aggregate term of 25-144 months in prison. (CP Dkt. No. 13).  Petitioner did not file an appeal with the Superior Court of Pennsylvania. Accordingly, his judgment of sentence became final on or around February 16, 2009, which is 30 days after Judge White sentenced him, and thus the date the time for filing a direct appeal with the Superior Court expired.  Pa.R.A.P. 903(a); Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

In July of 2009, Petitioner filed a *pro se* "Petition For Reconsideration Of Sentence Nunc Pro Tunc," in which he requested that he be resentenced to a residential facility so that he could get proper treatment for his mental illness.  (CP Dkt. NO. 14).  Judge White denied the petition, explaining:  "[t]he court lacks jurisdiction to afford the relief which the Defendant is requesting.  The time for which this court could have afforded relief expired thirty (30) days after sentencing."  (CP Dkt. No. 16).

2

Several months later, on December 23, 2009, Petitioner commenced a proceeding under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (CP Dkt. No. 17). The Court appointed William J. Hathaway, Esquire, to represent Petitioner and he filed an amended PCRA motion on his behalf. (CP Dkt. No. 19).

The PCRA case was presided over by the Honorable Ernest J. DiSantis, Jr., of the Court of Common Pleas of Erie County, who subsequently explained why he did not recuse himself:

> Because Judge Bozza was the victim [in this case], the entire bench recused itself and Senior Judge White was assigned to preside over this case. Judge White has now retired and, given the recent reticence of the Administrative Office of Pennsylvania Courts to facilitate the appointment of senior judges unless absolutely necessary (See, Commonwealth v. Gregory Brown, Erie County Docket No. 746 of 2005), this Court is handling the case under the "rule of necessity." Stilp v. Commonwealth, 588 Pa. 539, 905 A.2d 918 (2006). Furthermore, the case can be decided solely upon the existing record.

(CP Dkt. No. 20, Commonwealth v. Evans, No. 1162 of 2008, slip op. at 1 n.3 (C.P. Erie, April 1, 2010)).

Petitioner argued in the PCRA case that his prior counsel, Attorney Ungerman, had been ineffective for allowing him to enter a guilty plea to the crime of Aggravated Harassment By a Prisoner when he had a viable defense to that crime. That defense was that his conduct did not fall within that crime because he did not transmit his blood to Judge Bozza by way of a "direct in person transfer."

After the PCRA Court denied relief (CP Dkt. Nos. 20, 21), Petitioner, through Attorney Hathaway, filed an appeal with the Superior Court in which it was contended that the PCRA Court had erred in denying his claim of ineffective assistance. On March 8, 2011, the Superior Court issued a Memorandum in which it affirmed the PCRA Court's decision. It held:

> The issue that Appellant raises is whether he had ineffective assistance of plea counsel because counsel allowed him to plead guilty to aggravated harassment by prisoner when there was a questionable factual basis for the charge. Appellant's Brief at 2. Appellant argues that his plea counsel should have known the facts did not support

3

a charge of aggravated harassment by a prisoner. He claims that spreading blood on a letter is inconsistent with the aggravated harassment by prisoner statute, 18 Pa.C.S. § 2703.1, because the statute "specifically enumerates the form of the conduct which necessarily involve contact or attempted contact with the designated substances through a **direct in person** transfer or attempted transfer." Appellant's Brief at 4 (emphasis added). Thus, Appellant suggests, because he did not engage in a "direct in person" transfer when he mailed the letter to Judge Bozza, his plea counsel was ineffective by advising him to enter a plea of guilty. Appellant is not entitled to relief.

- - -

"The law presumes that trial counsel was effective." Commonwealth v. Rios, 920 A.2d 790, 805 (Pa. 2007).

> When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission….

Commonwealth v. Perry, 959 A.2d 932, 936 (Pa.Super. 2008) (citations omitted and punctuation omitted).

- - -

"In construing a statute to determine its meaning, courts must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words." Commonwealth v. Leonberger, 932 A.2d 218, 222 (Pa.Super. 2007). Further, the "provisions of [the Crimes Code] shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved." 18 Pa.C.S. § 205. The Crimes Code defines aggravated harassment by a prisoner as:

> A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed, intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material.

4

> 18 Pa.C.S. § 2703.1. "The purpose of the statute is to protect officers, law enforcement personnel, or other persons from harassment as described in the statute." Commonwealth v. Clark, 761 A.2d 190, 193 (Pa. Super. 2000).
>
> Contrary to Appellant's argument, section 2703.1 does not require a "direct in person transfer or attempted transfer" of fluid to the victim. See Appellant's Brief at 4. The statute criminalizes attempted contact with the blood of the prisoner, and does not require that the attempted contact be a direct in person transfer. See 18 Pa.C.S. § 2703.1 Absent express language to the contrary, we cannot impute such a "direct in person transfer" limitation into the plain language of the statute. See Leonberger, 932 A.2d at 222. If the legislature had intended to limit culpability to "in person" transfers, then the legislature would have included language to that effect. See id. Further, we discern no ambiguous language in the statute such that this limitation could be fairly inferred. See 18 Pa.C.S. § 105.
>
> Here, because Appellant was upset at the judge for sentencing him to jail instead of a mental health clinic, Appellant smeared his own blood on letters he sent to Judge Bozza. Appellant admitted that he wrote the letter to Judge Bozza, put his own blood on it, and intended Judge Bozza to receive it. N.T. Guilty Plea, at 14-16. Appellant attempted to have his expelled blood "come into contact" with Judge Bozza. See id. at 17; see 18 Pa.C.S. § 2703.1. Because the statute does not require a direct transfer of fluid to the victim and criminalizes attempted contact, Appellant cannot establish his claim had arguable merit. See Perry, 959 A.2d at 936.

(CP Dkt. No. 26, Evans, No. 790 WDA 2010, slip op. at 2-7 (emphasis in original)).

Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on October 4, 2011. (CP Dkt. No. 27).

On December 27, 2011, Petitioner placed in the prison mailing system the instant petition for a writ of habeas corpus and his brief in support. [ECF Nos. 1 & 2]. He contends, as he did in his PCRA proceeding, that the crime of Aggravated Harassment By a Prisoner requires a "direct in person transfer or attempted transfer" of fluid to the victim, and that Attorney Ungerman was ineffective for allowing him to plead guilty to that crime when he had a viable defense to it. Petitioner also contends that his Fifth, Sixth, and Fourteenth Amendment rights were violated because his PCRA proceeding was presided over by a biased judged. Finally, he contends that Attorney Hathaway was ineffective for

5

failing to argue in the PCRA proceeding that Judge DiSantis must recuse himself, and also that his direct appeal rights should be reinstated *nunc pro tunc.*

As discussed below, this proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In their Answer, Respondents contend that the petition must be dismissed because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF No. 17 at 2-3]. Petitioner did not file a Reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply ... within 30 days of the date the respondent files its Answer.").

## **B.** **Discussion**

### **(1)** **The Petition Is Untimely**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[3] As set forth above, Petitioner's judgment of sentence became final on or around February 16, 2009; therefore, the one-year period for filing his federal habeas petition began to run on that date. He filed his PCRA petition approximately 310 days later, on or around December 23, 2009. Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Accordingly, that PCRA motion

---

[3] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

6

statutorily tolled AEDPA's statute of limitations beginning on December 23, 2009. Thus, when that proceeding finished, Petitioner would have 55 days to file a timely habeas petition in federal court.

As set forth above, Petitioner's PCRA proceeding concluded on October 4, 2011, which is the date the Supreme Court of Pennsylvania denied his petition for allowance of appeal. See, e.g., Swartz, 204 F.3d at 419-20. See also Lawrence v. Florida, 549 U.S. 327 (2007). After that date, the limitations period began to run again, and Petitioner, having 55 days remaining before the statute of limitations expired, had until on or around Tuesday, November 29, 2011, to file a timely federal habeas petition with this Court. Petitioner did not initiate proceedings with this Court until, at the very earliest, December 27, 2011. Therefore, it is untimely under AEDPA's statute of limitations.[4]

**(2)     Petitioner's Claims Do Not Entitle Him To Habeas Relief**

Even if he had filed his petition in a timely fashion, Petitioner still would not be entitled to relief. Habeas relief is only available on the grounds that a petitioner's judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). See also Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010).

---

[4]     The U.S. Supreme Court has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562. See also Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Petitioner does not argue that equitable tolling applies to this case. To the extent that he would argue that his alleged mental impairments constitute extraordinary circumstances that invoke the equitable tolling doctrine, that argument would be rejected because he has not demonstrated that those impairments prevented him from filing the petition in a timely manner. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (mental incompetence is not a per se cause for equitable tolling, but it could be a basis provided it somehow affected the petitioner's ability to timely file a habeas corpus petition).

AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It "requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations." Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004). As codified at 28 U.S.C. § 2254(d), AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(Emphasis added).[5]

---

5    The Third Circuit Court has explained how to apply AEDPA's standard of review at § 2254(d)(1):

> The test for § 2254(d)(1)'s "unreasonable application of" clause is as follows: "[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Rompilla v. Beard, 545 U.S. 374, 380, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) (quoting Wiggins v. Smith, 539 U.S. 510, 519, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)). For purposes of § 2254(d)(1), "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 75-76, 123 S.Ct. 1166 (quoting Williams v. Taylor, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. Andrade, 538 U.S. at 75, 123 S.Ct. 1166.
>
> The test for § 2254(d)(1)'s "contrary to" clause is whether the state court decision "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the

8

Petitioner argues that Attorney Ungerman was ineffective for allowing him to enter a guilty plea to the crime of Aggravated Harassment By a Prisoner. The Superior Court rejected the premise of this claim, which was that he had a viable defense to that crime. It held that Petitioner's conduct did fall within the crime as defined by 18 Pa.C.S. § 2703.1, and, therefore, Ungerman was not ineffective. The Superior Court's adjudication satisfies ADEPA's standard of review at 28 U.S.C. § 2254(d). Petitioner has not established that it was contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984)[6] or an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The remainder of Petitioner's claims are not cognizable in federal habeas. He argues that the Superior Court erred when it determined that the conduct that he engaged in fell within the crime of Aggravate Harassment By a Prisoner, but this claim presents a purely state law question and, as such, is not subject to habeas review. 28 U.S .C. § 2254(a). See, e.g., Estelle, 502 U.S. at 67 ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). He contends that Judge DiSantis was biased and should not have presided over his PCRA case. This claim does not entitle him to relief because, as the United States Court of Appeals for the Third Circuit has explained:

---

> Supreme] Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005) (citing Williams, 529 U.S. at 405, 120 S.Ct. 1495, and Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)). Of course, a state court's resolution of a question that the Supreme Court has not resolved can be neither contrary to, nor an unreasonable application of, the Court's precedent. See Kane v. Garcia Espitia, 546 U.S. 9, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005).

Rountree v. Balicki, 640 F.3d 530, 537 (3d Cir. 2011).

[6] The "clearly established Federal law" for AEDPA purposes in which to analyze an ineffective assistance of counsel claim is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner must show that his former counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. Strickland also requires that a petitioner demonstrate that he was prejudiced by his counsel's alleged deficient performance. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of [his trial or his appellate] proceeding would have been different." Id. at 694. The Pennsylvania test for evaluating claims of ineffective assistance is the same as the Strickland standard. Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987); Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999). Although Pennsylvania courts typically articulate a three-prong test for gauging ineffective assistance claims and Strickland sets forth its test in two prongs, the legal evaluation is the same, and the differences merely reflect a stylistic choice on the part of state courts.

9

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. *Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.*

Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted) (emphasis added); see also Lambert, 387 F.3d at 247 ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction."). Finally, Petitioner argues that Attorney Hathaway provided him with ineffective assistance as PCRA counsel. This claim must be denied because Petitioner did not have a federal constitutional right to counsel during his state post-conviction proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, therefore, cannot receive habeas relief on a claim that his PCRA counsel were ineffective.[7] 28 U.S.C. §2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under section 2254.").[8]

## C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It

---

[7] Pennsylvania Rule of Criminal Procedure 904 mandates that a PCRA petitioner has a right to counsel on the first PCRA motion, and inherent in that right is a right under state law to effective assistance of counsel. To date, the right to effective assistance of PCRA counsel is afforded by state rule only. R. Wasserbly 16C Pennsylvania Criminal Practice § 34:14 n.11 (West 2005 & Supp. 2012-13) (collecting cases); Commonwealth v. Ford, 44 A.3d 1190, 1199 (Pa. Super. 2012).

[8] The Supreme Court recently decided Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012). It held for the first time that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (such as the PCRA), a petitioner may be able to establish "cause" sufficient to overcome a procedural default of "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S.Ct. at 1321. Importantly, the Supreme Court based its decision on what it determined to be an equitable right to seek relief from a procedural default in a federal habeas matter. It did not hold that a petitioner has a constitutional right to counsel in initial-review collateral proceedings such as the PCRA. Id. at 1313-21.

provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  Applying these standards here, jurists of reason would not find it debatable whether the instant petition should be denied.  Accordingly, a certificate of appealability shall be denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied.  An appropriate Order follows.

Dated:  March 5, 2013

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIS DUANE EVANS, JR.,** | ) |
|     Petitioner, | )    Civil Action No. 12-46 Erie |
| | ) |
| v. | ) |
| | )    Magistrate Judge Susan Paradise Baxter |
| **DWAYNE J. GAVIN, et al.,** | ) |
|     Respondents. | ) |

## **ORDER**

AND NOW, this 5th day of March, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

                                                    /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge